# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM GEORGE LEE, an individual** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| V. | ) |
| | ) |
| **SCOTT ALLEN BRADLEY, an individual,** | ) Case No: |
| **CARLETON TRANSPORT SERVICE,** | ) |
| **INC., a Foreign Corporation, MID-CENTURY** | ) |
| **INSURANCE COMPANY, a Foreign** | ) |
| **Corporation,** | ) |
| **et al.** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Scott Allen Bradley and Carleton Transport Service, Inc., pursuant to 28 U.S.C § 1332, 1441, and 1446, files their Notice of Removal, hereby removing this action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. In support of Removal, Defendants state as follows:

1. This action was commenced by Plaintiff with the filing of his Complaint on June 29, 2022 in the Circuit Court of Jefferson County, Alabama (**Exhibit A**). According to that Complaint, Plaintiff's claims arise out of a motor vehicle accident involving a vehicle he occupied, and an eighteen-wheeler operated

by Scott Allen Bradley and allegedly owned by Carleton Transport Service, Inc. Plaintiff asserts claims for negligence, recklessness, willfulness and/or wantonness (**Exhibit A, p. 4 & 5**).

2.	According to his Complaint, Plaintiff is an individual resident of the State of Alabama. Carleton Transport Service, Inc. is alleged to be foreign corporation and Scott Allen Bradley is alleged to be a citizen of the state of Nebraska. Mid-Century Insurance Company is alleged to be a foreign insurance corporation with principal place if business in California with registered agent for service of process in Montgomery, Alabama (**Exhibit A, p. 2 & 3**).

3.	Service of Process was completed on Carleton Transport Service, Inc. on July 8, 2022 (**Exhibit B, p. 26 & 27**). Carleton Transport's Answer to the Plaintiff's Complaint was filed on August 10, 2022 **(Exhibit B, p. 52-59)**. Service of Process was completed on Mid-Century Insurance Company was completed on July 6, 2022 **(Exhibit B, p. 24 & 25)**. Mid-Century Insurance Company filed an Answer to Plaintiff's Complaint on July 14, 2022 **(Exhibit B, p. 28-34).** An Acceptance of Service on behalf of Defendant Scott Allen Bradley was filed by the undersigned on September 23, 2022 **(Exhibit B, p. 65-66).** All defendants properly served consent to this removal. Accordingly, this Notice is timely filed with this Court within thirty (30) days of service of the last removing defendant. *See* 28 U.S.C. § 1446(b).

4. The United States District Court for the Northern District of Alabama, Southern Division, is the court and division embracing the place wherein such action is pending in State Court, Jefferson County, Alabama.

5. In accordance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by the Defendant Carleton Transport Service, Inc. is attached hereto as **(Exhibit B)**, along with all other documents contained in the state court filing.

6. On this date a Notice of Filing of Notice of Removal, accompanied by a copy of this Notice of Removal, will be filed in the Circuit Court of Jefferson County, Alabama, in accordance with 28 U.S.C. § 1446(d).

7. This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## **DIVERSITY JURISDICTION**

### **Diversity of Citizenship**

8. Federal diversity jurisdiction exists over this action pursuant to 28 U.S.C. § 1332, because Defendants are diverse from Plaintiff and the amount in controversy exceeds $75,000.00.

9. In his Complaint, Plaintiff identified himself as a resident of Shelby County, Alabama. **(Exhibit A, p. 2 & 3)**.

10. Defendant Carleton Transport Service, Inc. is properly identified as

foreign corporation, incorporated pursuant to the laws of the State of Nebraska with its principal place of business in Nebraska. (**Exhibit A**, **p. 3**). Defendant Scott Allen Bradley is a current resident of the state of Iowa. For purposes of diversity jurisdiction, Scott Allen Bradley and Carleton Transport Service, Inc. are citizens of Nebraska and Iowa. Mid-Century Insurance is properly identified as a foreign insurance corporation with principal place of business in California (**Exhibit A**, **p. 3**).

11. Based on the foregoing, there is complete diversity of citizenship between the Plaintiff and Defendants. 28 U.S.C. § 1332(a)(1).

## Amount in Controversy

12. This civil action also meets the amount in controversy requirement of $75,000.00 for diversity jurisdiction. 28 U.S.C. § 1332(a).

13. In his Complaint, Plaintiff asserts claims for negligence, recklessness, willfulness and/or wantonness. As mentioned above, those claims arise out of a motor vehicle accident involving a vehicle occupied by Plaintiff and a tractor trailer operated by Mr. Bradley and owned by Carleton Transport Service, Inc. As is common, Plaintiff does not state an amount certain for which he seeks recovery in his Complaint.

14. Because the face of the Complaint does not contain any statement of the amount sought by Plaintiff, the amount in controversy must be established by

other evidence. To that end, the removing Defendants point to Plaintiff's counsel's demand letter dated February 7, 2022. (**Exhibit C**). In that demand letter, Plaintiff's current counsel outlines the nature of Plaintiff's claims and injuries including the cost of his care and his alleged lost wages. He notes Plaintiff's belief that Mr. Bradley failed to keep a proper lookout and made an improper lane change causing this collision.

15. As the Court is aware, while "[t]he amount requested in a settlement demand does not determine whether the amount in controversy exceeds $75,000 … 'it counts for something.'" *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). What such demand letter counts for depends on the specificity of the demand and supporting information provided. *See Jones v. Marriott Int'l., Inc*., 2018 U.S. Dist. LEXIS 85211, *11 (S.D. Ala. May 22, 2018) (citing *Standridge v. Wal-Mart Stores, Inc.*, 945 F.Supp. 252, 256-57 (N.D. Ga. 1996) (citing in turn *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F.Supp 1364 (M.D. Ala. 1998)).

16. Here, as discussed above, Plaintiff's demand letter is specific: it lays out his injuries— "neck pain, back pain, a head injury with loss of consciousness and PTSD. He was diagnosed with back strain, cervical strain, Cervicalgia, low back pain, radiculopathy in lumbosacral region. He underwent an MRI-pre-crash on July 7, 2020 as well as one post-crash on August 26, 2020. The post-crash MRI revealed a new superimposed right paracentral protrusion/herniation with nerve root

impingement. He underwent a cervical selective nerve block and the C6 level, which resulted in no relief. Subsequently, he underwent an anterior cervical decompression of spinal cord and nerve roots with discectomy and foraminotomies at the C5-6 level. He had continued lumbar pain and underwent nerve blocks, steroid injections – unfortunately the pain did not stop. He underwent posterior L5-S1 fusion with pedicle screw instrumentation with placement of bilateral Medtronics LT cages and interbody devices. He then underwent additional lumbar nerve blocks – additional surgery and a laminectomy lumbar L5-S1 bilateral revision. He is currently still under pain management care." His demand letter outlines the cost of his treatment to date: $297,052.36. Plaintiff also seeks $96,000.00 for lost wages and punitive[1] damages. **(Exhibit C)**.

17.     At the end of the day, Plaintiff's demand is $5,000,000.00 (finding the demand letter that describes the plaintiff's injuries, costs incurred, and explained a basis for punitive damages was not speculative and sufficient evidence of the true amount in controversy). The amount in controversy here exceeds $75,000.00 and, thus, the Court has jurisdiction over this civil action.

### Notice

18.     Concurrently with the filing of this Notice of Removal, the removing

---

[1] "Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases.´ *Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010).

Defendants shall cause to be filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama; and copies of this Notice of Removal will be provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted this 23rd day of September, 2022

*/s/ Marcus A. Jaskolka*
Marcus A. Jaskolka (JAS003)
Ralph D. Gaines, III (GAI006)
Attorneys for Defendants Scott Allen Bradley and Carleton Transport Service, Inc.

**OF COUNSEL:**
GAINES GAULT HENDRIX, P.C.
361 Summit Boulevard, Suite 200
Birmingham, Alabama 35243
(205) 980-5888
mjaskolka@ggh-law.com
rgaines@ggh-law.com

*/s/ David R. Wells*
David R. Wells (WEL016)
Attorney for Defendant,
Mid-Century Insurance Company

**OF COUNSEL:**
Wells Law Firm, LLC
P.O. Box 383126
Birmingham, AL 35238
david@wells-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows on this 23rd day of September, 2022.

Matt Abbott
Wettermark Keith, L.L.C.
100 Grandview Place, Suite 530
Birmingham, AL 35243
205-212-3341
mabbott@wkfirm.com

                                        */s/ Marcus A. Jaskolka*
                                        OF COUNSEL