FILED

2022 Sep-23 PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **WILLIAM GEORGE LEE, an individual** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **V.** | ) |
| | ) |
| **SCOTT ALLEN BRADLEY, an individual,** | ) **Case No:** |
| **CARLETON TRANSPORT SERVICE,** | ) |
| **INC., a Foreign Corporation, MID-CENTURY** | ) |
| **INSURANCE COMPANY, a Foreign** | ) |
| **Corporation,** | ) |
| **et al.** | ) |
| | ) |
| **Defendants.** | ) |

---

**NOTICE OF REMOVAL**

---

# EXHIBIT A

ELECTRONICALLY FILED
6/29/2022 1:08 PM
01-CV-2022-901900.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

DOCUMENT 2

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIAM GEORGE LEE, an individual,     §
                                        §
        Plaintiffs,                     §
                                        §
                                        §     CASE NO:  CV-2022-_____
                                        §
                                        §
SCOTT ALLEN BRADLEY, an individual;     §
CARLETON TRANSPORT SERVICE,             §
INC., a Foreign Corporation, MID-CENTURY §

INSURANCE COMPANY, a Foreign Corporation and **No.1,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which owned, leased or was otherwise in possession or control of the vehicle being driven by Defendant SCOTT ALLEN BRADLEY on the occasion forming the basis of Plaintiff's complaint; **No.2,** whether singular or plural, that entity or those entities who or which include that person, firm, corporation or other legal entity, if not already correctly stated herein, who or which employed and/or who or which was the employer of Defendant SCOTT ALLEN BRADLEY on the occasion forming the basis of Plaintiffs' complaint; **No.3,** whether singular or plural, that entity or those entities who or which include the driver(s) of the motor vehicle(s) which collided with the Plaintiff's motor vehicle and whose negligence caused the Plaintiff's injury on the occasion made the basis of this suit; **No.4,** whether singular or plural, that entity or those entities who or which include the driver of the motor vehicle(s) which collided with the Plaintiff's motor vehicle and whose wantonness caused the Plaintiff's injury on the occasion made the basis of this suit; **No.5,** whether singular or plural, the owner(s) of the motor vehicle(s) on the occasion made the basis of this suit; **No.6,** whether singular or plural, that entity or those entities who or which include that entity or those entities who or which was the master(s), principal(s) and/or employer(s) of the driver(s) of the motor vehicle(s) involved in the occurrence made the basis of this suit; **No.7,** whether singular or plural, that entity or those entities who or which include that entity or those entities for whom the driver(s) of the motor vehicle(s) involved in the occurrence made the basis of this suit was performing some type of service duty (i.e. business related service) or employment duty at the time of the collision made the basis of Plaintiff's complaint; **No.8,** whether singular or plural, that entity or those entities who or which include that entity or those entities on whose behalf the motor vehicle(s) involved in the collision made the basis of this suit was being operated at the time of said occurrence; **No.9,** whether singular or plural, that entity or those entities who or which include that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the driver or drivers thereof at the time of said occurrence; **No.10,** whether singular or plural, that entity or those entities who or which include that entity or those entities which selected, trained and/or hired the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No.11,** whether singular or plural, that entity or those entities who or which include that entity or those entities who or which was responsible for the negligent and/or wanton hiring, training and/or supervision of the driver(s) forming the basis of Plaintiff's complaint; **No.12,** whether singular or plural, that entity or those entities who or which include that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No.13,** whether singular or plural, that entity or those entities who or which include that entity or those entities who or which repaired, altered, or provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No.14,** whether singular or plural, that entity or those entities who or which include that

**Notice of Removal Exhibit A; P001**

DOCUMENT 2

entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicle(s) involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No.15**, whether singular or plural, that entity or those entities who or which include that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicle(s) involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No.16** whether singular or plural, that entity or those entities who or which include that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No.17**, whether singular or plural, that entity or those entities who or which include that entity or those entities which issued any policy of insurance which provided coverage for the Plaintiff's injuries received on the occasion made the basis of this suit (including, but not limited to, medical payment coverage and uninsured/underinsured motorist coverage); **No.18**, whether singular or plural, that entity or those entities who or which include that entity or those entities who or which afforded any insurance coverage to either the driver(s) or the owner(s) of the motor vehicle(s) involved in the occurrence made the basis of this suit; **No.19**, whether singular or plural, that entity or those entities who or which include that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendants listed or described herein; **No.20**, whether singular or plural, that entity or those entities who or which include that entity or those entities who or which are the successor in interest of any of those entities described above; **No.21**, whether singular or plural, that entity or those entities who or which include that entity or those entities who or which are the predecessor in interest of any of those entities described above; **No.22**, whether singular or plural, that entity or those entities who or which include that entity or those entities who or which provided alcohol and/or other controlled substances to any of the parties forming the basis of the present claim who and/or which are liable to Plaintiffs under the Alabama Civil Damages Act and/or any Dram Shop laws of the State of Alabama; **No.23**, whether singular or plural, that entity or those entities who or which include that entity or those entities, other than those entities described above, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; and **No.24**, whether singular or plural, that entity or those entities who or which include that entity or those entities whose negligent, reckless, willful and/or wanton conduct caused and/or contributed to cause the collision made the basis of Plaintiff's complaint. Plaintiff avers that the identities of the above-described fictitious party Defendants is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants is not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.

§
§

**Defendants.**

# C O M P L A I N T

**COMES NOW** Plaintiff WILLIAM GEORGE LEE, and for relief as hereinafter prayed, respectfully shows unto the Court as follows:

1.      Plaintiff WILLIAM GEORGE LEE is over the age of nineteen (19) years, and during all times forming the basis of the present action, was and continues to be an adult resident citizen of

Notice of Removal Exhibit A; P002
p. 2 of 13

Shelby County, Alabama.

2.      Defendant SCOTT ALLEN BRADLEY, is believed to be an individual over the age of nineteen (19) years and a resident citizen of Bellevue, Nebraska. During all material times pertinent to the present action, Defendant SCOTT ALLEN BRADLEY was employed by and was acting within the line and scope of his employment with Defendant CARLETON TRANSPORT SERVICE, INC. Plaintiff avers that Defendant SCOTT ALLEN BRADLEY was the at-fault driver of the vehicle causing the automobile collision occurring on Interstate 59 within the city limits of Birmingham, Jefferson County, Alabama on the occasion forming the basis of Plaintiff's complaint.

3.      Defendant CARLETON TRANSPORT SERVICE, INC., is a Foreign Corporation whose principal place of business is located at 13556 South 220th Street, Gretna, Nebraska 68028, and who can be served through Sharon Carleton, Registered Agent, 539 Brentwood Road, Omaha, Nebraska 68114. During all times pertinent and material to the present lawsuit, CARLETON TRANSPORT SERVICE, INC., was conducting business in Jefferson County, Alabama. During all material times pertinent to the present action, Defendant CARLETON TRANSPORT SERVICE, INC., caused and/or allowed a commercial vehicle it owns to travel upon the roadways of the State of Alabama, and within the geographic boundaries of Jefferson County, and said Defendant was the employer of SCOTT ALLEN BRADLEY on the occasion complained of in this complaint, and also the owner of the commercial vehicle Defendant SCOTT ALLEN BRADLEY was operating.

4.      Defendant MID-CENTURY INSURANCE COMPANY is a foreign insurance corporation with principal place of business in California, who, during all material times forming the basis of the present complaint was doing business by agent in Jefferson County, Alabama. Said defendant can be served by and through its designated and registered agent for service of process Corporation Service Company, 641 South Lawrence Street, Montgomery, Alabama 36104.

*WK:\W. Lee\Pldgs.\Cmp.*

DOCUMENT 2

Notice of Removal Exhibit A; P003

DOCUMENT 2

5.    Fictitious party defendants listed and described herein numbered: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, are those persons, corporations, or other entities described more fully in the caption and incorporated herein, whose negligent, wanton, willful and/or other wrongful conduct caused or contributed to cause the injuries to Plaintiffs, whose true and correct names are unknown to Plaintiffs at this time, but which will be substituted when ascertained.

### COUNT I

6.    Plaintiffs adopt and incorporate paragraphs one (1) through five (5) above as if fully set out herein.

7.    On or about the 20th day of August, 2020, Plaintiff WILLIAM GEORGE LEE was traveling in his 2019 Ford Mustang northbound on Interstate 20/59 within the geographical limits of Birmingham, Jefferson County, Alabama, at or near the Tallapoosa Street Exit.

8.    At the same time and place, Defendants SCOTT ALLEN BRADLEY and/or one or more of the fictitious party Defendants listed and described hereinabove numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, was also traveling northbound on Interstate 59 at or near the Plaintiff when he negligently, recklessly, willfully and/or wantonly caused or allowed the motor vehicle he was operating to change lanes into the lane lawfully occupied by Plaintiff, forcing Plaintiff to lose control and crash into the far-right barrier wall.  Said negligent, reckless, willful and/or wanton conduct was a direct and proximate cause of Plaintiff's injuries and damages hereinafter described.

9.    Plaintiff avers that Defendant SCOTT ALLEN BRADLEY was speeding, not paying attention, failing to keep a proper lookout for other vehicles on the road and/or otherwise operating his commercial vehicle in a negligent, reckless, willful and/or wanton manner when he sideswiped Plaintiff with great force, causing him to crash into the far-right barrier wall.  Said

negligent, reckless, willful and/or wanton conduct was a direct and proximate cause of Plaintiff's injuries and damages hereinafter described.

10.    At all times forming the basis of the present action, Defendant SCOTT ALLEN BRADLEY was an employee of Defendants CARLETON TRANSPORT SERVICE, INC. and/or one or more of the fictitious party Defendants listed and described hereinabove numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24.  Further, Defendants SCOTT ALLEN BRADLEY and/or one or more of the fictitious party Defendants listed and described hereinabove numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 was on-the-job, acting within the line and scope of his employment with Defendants CARLETON TRANSPORT SERVICE, INC. and/or one or more of the fictitious party Defendants listed and described hereinabove numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, working for the benefit of said Defendants, and was driving a company truck owned, leased and/or otherwise maintained by Defendants CARLETON TRANSPORT SERVICE, INC.

11.    As a direct and proximate result of the negligent, reckless, willful and/or wanton conduct of Defendants SCOTT ALLEN BRADLEY, CARLETON TRANSPORT SERVICE, INC., and/or one or more of the fictitious party defendants listed and described above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, *combined and concurred*, Plaintiff WILLIAM GEORGE LEE was caused to suffer the following injuries and damages:

      a.     Plaintiff WILLIAM GEORGE LEE was caused to suffer injuries to his person which were attended by great physical pain and suffering.  Said injuries include, but are not limited to, injuries to his cervical spine requiring surgical intervention and care, injuries to his lumbar spine requiring surgical intervention and care, concussion with loss of consciousness, along with numerous bruises, contusions and abrasions to his body;

      b.     Plaintiff WILLIAM GEORGE LEE was caused to be permanently injured;

DOCUMENT 2

Notice of Removal Exhibit A; P005
p. 5 of 13

c.    Plaintiff WILLIAM GEORGE LEE was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to treat and cure his said injuries;

d.    Plaintiff WILLIAM GEORGE LEE was caused to be unable to pursue many of his normal and usual activities;

e.    Plaintiff WILLIAM GEORGE LEE was caused to suffer lost wages, loss of ability to earn and work to make a living;

f.    Plaintiff WILLIAM GEORGE LEE has suffered and continues to suffer pain, severe mental anguish, post-traumatic stress disorder (PTSD), emotional suffering, extreme anxiety, depression, stress and emotional distress.

WHEREFORE, Plaintiff WILLIAM GEORGE LEE demands judgment against each of the Defendants SCOTT ALLEN BRADLEY, CARLETON TRANSPORT SERVICE, INC., and/or one or more of the fictitious party defendants listed and described above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, in a sum in excess of the jurisdictional limits of this court which will fairly and adequately compensate Plaintiffs for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiffs request a verdict be entered in favor of the Plaintiffs and against each Defendant, and that punitive damages be awarded to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT II

12.    Plaintiffs adopt and incorporate paragraphs one (1) through eleven (11) as if fully set out herein.

13.    At the time of the occurrence forming the basis of the present action, Defendants CARLETON TRANSPORT SERVICE, INC. and/or one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, was the principal, master and/or employer of Defendant SCOTT

DOCUMENT 2

*WK:\W. Lee\Pldgs.\Cmp.*

DOCUMENT 2

ALLEN BRADLEY, and owned, leased and/or otherwise controlled and maintained the commercial vehicle he was operating.

14.     At the time of the occurrence forming the basis of the present action, Defendant SCOTT ALLEN BRADLEY was acting as the agent, servant and/or employee of Defendants CARLETON TRANSPORT SERVICE, INC., and/or one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24.

15.     At the time of the occurrence forming the basis of the present action, Defendant SCOTT ALLEN BRADLEY was acting within the line and scope of his employment with Defendants CARLETON TRANSPORT SERVICE, INC. and/or one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24.

16.     At the time of the occurrence forming the basis of the present action, Defendant SCOTT ALLEN BRADLEY was operating a motor vehicle in furtherance of the business purposes of Defendants CARLETON TRANSPORT SERVICE, INC. and/or one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24.

17.     As a result of the foregoing, Defendants CARLETON TRANSPORT SERVICE, INC. and/or one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, are *vicariously liable* to Plaintiffs for the negligent, reckless, willful and/or wanton conduct of Defendant SCOTT ALLEN BRADLEY that proximately caused injuries and damages to the Plaintiff as set forth in paragraph eleven (11) above, which is incorporated by reference as a part hereof.

Notice of Removal Exhibit A; P007

WHEREFORE, Plaintiff WILLIAM GEORGE LEE demand judgment against each of the Defendants SCOTT ALLEN BRADLEY, CARLETON TRANSPORT SERVICE, INC., and/or one or more of the fictitious party defendants listed and described above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, in a sum in excess of the jurisdictional limits of this court which will fairly and adequately compensate Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff requests a verdict be entered in favor of the Plaintiff and against each Defendant, and that punitive damages be awarded to Plaintiff in an amount which will adequately reflect the enormity of the Defendant's wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT III

18. Plaintiffs adopt and incorporate paragraphs one (1) through seventeen (17) as if fully set out herein.

19. At the time of the occurrence forming the basis of the present action, Defendants CARLETON TRANSPORT SERVICE, INC. and/or one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, was the principal, master and/or employer of Defendant SCOTT ALLEN BRADLEY, and owned, leased and/or otherwise controlled and maintained the commercial vehicle he was operating.

20. As the principal, master and/or employer of Defendants SCOTT ALLEN BRADLEY and/or one or more of the fictitious party defendants listed and described above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, the combined Plaintiffs allege that Defendant CARLETON TRANSPORT SERVICE, INC. was negligent, reckless, willful and/or wanton in their:

      i.      Training of Defendant SCOTT ALLEN BRADLEY;

      ii.     Supervision of Defendant SCOTT ALLEN BRADLEY;

DOCUMENT 2

Notice of Removal Exhibit A; P008

<div style="writing-mode: vertical-lr">DOCUMENT 2</div>

   iii.   Retention of Defendant SCOTT ALLEN BRADLEY;

   iv.   Hiring of Defendant SCOTT ALLEN BRADLEY;

   v.   Entrustment of the commercial vehicle to Defendant SCOTT

       ALLEN BRADLEY; and

   vi.   Otherwise negligent, reckless, willful and/or wanton conduct.

  **21.**  As a direct and proximate cause thereof, Plaintiff WILLIAM GEORGE LEE caused injuries and damages as set forth in paragraph eleven (11) above, which is incorporated by reference as a part hereof.

  WHEREFORE, Plaintiff WILLIAM GEORGE LEE demands judgment against each of the Defendants SCOTT ALLEN BRADLEY, CARLETON TRANSPORT SERVICE, INC., and/or one or more of the fictitious party defendants listed and described above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, in a sum in excess of the jurisdictional limits of this court which will fairly and adequately compensate Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.  Further, Plaintiffs request a verdict be entered in favor of the Plaintiff and against each Defendant, and that punitive damages be awarded to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

<div align="center">

**COUNT IV**

</div>

  **22.**  Plaintiff adopts and incorporates paragraphs one (1) through twenty-one (21) as if fully set out herein.

  **23.**  On August 20, 2020, and for some time prior thereto, Plaintiff WILLIAM GEORGE LEE, had in full force and effect a policy(s) of automobile insurance with Defendant MID-CENTURY INSURANCE COMPANY and/or one or more of the fictitious party defendants listed and described above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24.  Specifically, said policy(s) of automobile insurance included, and premiums were

*WK:\W. Lee\Pldgs.\Cmp.*

Notice of Removal Exhibit A: P009

paid by Plaintiff WILLIAM GEORGE LEE for medical payment coverage and coverage for losses caused by uninsured and/or underinsured motorists.

24.     Accordingly, on August 20, 2020, Plaintiff WILLIAM GEORGE LEE had available medical payment coverage and coverage available to him for injuries and damages caused by uninsured/underinsured motorists by and through the subject policy/policies in force with Defendant MID-CENTURY INSURANCE COMPANY and/or one or more of the fictitious party defendants listed and described above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24.

25.     Plaintiff WILLIAM GEORGE LEE avers that Defendant SCOTT ALLEN BRADLEY was the tortfeasor driver causing the collision of August 20, 2020, that Defendant CARLETON TRANSPORT SERVICE, INC., was the owner of said vehicle and that **both** were _underinsured_ for the injuries and damages caused to Plaintiff.

26.     Subsequent to the collision made the basis of this lawsuit, Plaintiff WILLIAM GEORGE LEE provided Defendant MID-CENTURY INSURANCE COMPANY and/or one or more of the fictitious party defendants listed and described above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 with timely notice of a claim for medical payment and underinsured motorist benefits pursuant to the policy or policies of automobile insurance described herein.

27.     A controversy has arisen between Plaintiff WILLIAM GEORGE LEE, and Defendant MID-CENTURY INSURANCE COMPANY and/or one or more of the fictitious party defendants listed and described above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24 as to the amount and/or extent of medical payment and underinsured motorist benefits to be provided to Plaintiff WILLIAM GEORGE LEE for injuries and damages sustained.

WHEREFORE, Plaintiff WILLIAM GEORGE LEE brings the present action under the

DOCUMENT 2

*WK:\W. Lee\Pldgs.\Cmp.*

Notice of Removal Exhibit A; P010

jurisdiction of this court and seeks medical payment coverage and any and all stacked underinsured motorist benefits to which he may be entitled for injuries and damages sustained by and through Plaintiff's own policy/policies in force with Defendant MID-CENTURY INSURANCE COMPANY and/or one or more of the fictitious party defendants listed and described above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14,15, 16, 17, 18, 19, 20, 21, 22, 23 and 24 as described above, together with interest from the date of injury, and the costs of this proceeding.

## COUNT V

28.    Plaintiff adopts and incorporates paragraphs one (1) through twenty-seven (27) as if full set out herein.

29.    The negligent, reckless, willful and/or wanton conduct of all Defendants SCOTT ALLEN BRADLEY, CARLETON TRANSPORT SERVICE, INC., MID-CENTURY INSURANCE COMPANY and/or one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, *combined and concurred*, and caused and/or otherwise allowed a collision that involved Plaintiff, proximately causing Plaintiff injuries and damages as described hereinabove.

30.    As a direct and proximate consequence thereof, the Plaintiffs suffered the injuries and damages set forth in paragraphs eleven (11) above, which is incorporated by reference as a part hereof.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff WILLIAM GEORGE LEE demands judgment against each of the Defendants SCOTT ALLEN BRADLEY, CARLETON TRANSPORT SERVICE, INC., MID-CENTURY INSURANCE COMPANY and/or one or more of the fictitious party defendants listed and described above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, in a sum in excess of the jurisdictional limits of this court which will fairly and adequately compensate Plaintiff for injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding.  Further, Plaintiff

*WK:\W. Lee\Pldgs.\Cmp.*

DOCUMENT 2

Notice of Removal Exhibit A; P011

requests a verdict be entered in favor of the Plaintiff and against each Defendant, and that punitive

damages be awarded to Plaintiff in an amount which will adequately reflect the enormity of the

Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

   **DATED:** This the 29th day of June, 2020.

<div style="text-align:right">

Respectfully Submitted:

s/*MATT ABBOTT*

MATT ABBOTT (ABB-007)
Attorney for Plaintiff

</div>

**OF COUNSEL**
**WETTERMARK KEITH, L.L.C.**
100 Grandview Place, Suite 530
Birmingham, AL  35243
p:  (205) 933-9500  d:  (205) 212-3341
f:  (205) 954-7304
E-mail:  mabbott@wkfirm.com

<div style="text-align:center">

**JURY DEMAND**

</div>

   PLEASE TAKE NOTICE THAT PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL
COUNTS ALLEGED.

<div style="text-align:right">

s/*MATT ABBOTT*

OF COUNSEL

</div>

<div style="writing-mode:vertical-lr; text-orientation:mixed">DOCUMENT 2</div>

**Notice of Removal Exhibit A; P012**
p. 12 of 13

## REQUEST FOR SERVICE VIA CERTIFIED MAIL BY CLERK

Attorney for Plaintiffs hereby respectfully requests that the Clerk serve the following Defendants by certified mail, return receipt requested:

**SCOTT ALLEN BRADLEY**
3410 Montrovia Blvd., Apartment #504
Bellevue, Nebraska 68123-3143

**CARLETON TRANSPORT SERVICE, INC.**
c/o Sharon Carleton, Registered Agent for Service of Process
539 Brentwood Road
Omaha, Nebraska 68114

**MID-CENTURY INSURANCE COMPANY**
c/o Corporation Service Company, Registered Agent for Service of Process
641 South Lawrence Street
Montgomery, Alabama 36104

**DATED:** This the 29th day of June, 2022.

s/*MATT ABBOTT*

OF COUNSEL

DOCUMENT 2